MEMORANDUM OPINION
{¶ 1} On September 22, 2008, appellant, Raymond S. Anderson, filed a pro se motion for leave a delayed appeal, pursuant to App. R. 5(A), and motion for leave to file a delayed appeal with an affidavit in support, along with his notice of appeal. Appellant is attempting to appeal his original judgment of conviction and sentence issued by the Lake County Court of Common Pleas on October 28, 2004. An appeal of that judgment was due by November 27, 2004, almost four years ago. *Page 2 
 {¶ 2} Appellee, State of Ohio, filed its response opposing the motion for leave to file a delayed appeal on October 1, 2008. Appellant filed a reply to appellee's response on October 10, 2008.
 {¶ 3} App. R. 5(A) provides, in relevant part:
 {¶ 4} "After the expiration of the thirty day period provided by App. R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:
 {¶ 5} "(a) Criminal proceedings;
 {¶ 6} "(b) Delinquency proceedings; and
 {¶ 7} "(c) Serious youthful offender proceedings.
 {¶ 8} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App. R. 3 and shall file a copy of the notice of the appeal in the court of appeals."
 {¶ 9} In his motion, appellant asserts the following as his reasons for failing to perfect a timely appeal: 1) he has restrictive knowledge and comprehension of appellate matters; 2) he has a mental illness or disability; and 3) he relied on his trial counsel to file his appeal and was misled by him and the correctional institution.
 {¶ 10} While appellant's reasons might explain a lapse of one year in initiating his direct appeal due to his "mental illness or disability" during that time, his reasons do not justify a delay of nearly four years between the time of appellant's conviction and *Page 3 
sentence until the filing of his motion for delayed appeal. We find that appellant was not diligent in taking the proper steps to protect his own rights.
 {¶ 11} Accordingly, it is ordered that appellant's motion for leave to file a delayed appeal is hereby overruled.
 {¶ 12} Appeal dismissed.
DIANE V. GRENDELL, P.J., concurs, COLLEEN MARY O'TOOLE, J., dissents with Dissenting Opinion.